## INSANITY—CRIMINAL LAW.

[Hamilton (1st) Circuit Court, July 15, 1901.]

### JAMES BROCK V. STATE OF OHIO.

1. TRIAL OF PERSON ONCE FOUND "NOT SANE."

Where it appears in the record of a criminal proceeding that the accused has been regularly found by a jury to be " not sane," before such accused can be put on trial under the indictment, the record should be made to show by an entry by the court that the steps provided for by Sec. 7243, Rev. Stat., relating to proceedings when accused is restored to reason, have been duly taken, and that the condition of the accused has changed from that of one " not sane" to that of a sane person.

2. AFFIDAVIT AFTER TRIAL NOT SUFFICIENT.

An affidavit of the superintendent of an insane asylum that a person confined therein pursuant to Secs. 7240 and 7241, Rev. Stat., was not insane, made after such person has been tried and found guilty of a crime, is not a compliance with Sec. 7243, Rev. Stat., relating to proceedings when accused is restored to reason, such as will sustain such criminal proceedings.

3. AFFIDAVIT MUST BE IN BILL OF EXCEPTIONS.

An affidavit is no part of the record and can only become so by being incorporated in a bill of exceptions. A verbatim copy thereof in the record made by the clerk is insufficient.

HEARD ON ERROR.

*F. W. Gruen*, for plaintiff in error.

*R. Froome Morris*, contra.

PER CURIAM.

The record in this case discloses that on February 7, 1901, the defendant, Brock, who was under indictment for bigamy, was found by a jury to be " not sane," and was remanded by the court to the custody of the sheriff to be held until the further order of the probate court.

There then appear a couple of entries irrelevant to the point here under consideration, and having no reference to the sanity of the accused; and then comes an entry of March 28, 1901, as follows:  " This day came the prosecuting attorney on behalf of the state, the defendant being brought into open court in the custody of the sheriff, his counsel also appearing; also came the following petit jurors,"  *  *  *  including the verdict:   " We, the jury on the issue joined, find the defendant, James Brock, guilty of bigamy as he stands charged in the indictment."

Subsequently on March 29, a motion for new trial was filed, setting out among other reasons " that the court had no right to try the defendant at this time, because the record discloses that the said defendant is insane."

On the same day an affidavit was filed by Harry M. Hoffheimer, the prosecutor of the county, which is copied into the record and is as follows :

" Harry M. Hoffheimer, being first duly sworn, says that he is the prosecuting attorney of Hamilton county, Ohio, and that on or about the 18th day of February, 1901, he received notice from the superintendent of Longview Asylum, in which place the defendant herein had been confined pursuant to Secs. 7240 and 7241, Rev. Stat. of Ohio, and that the defendant was not insane at that time and had not been insane

at any time, and that he, the said defendant, was in full possession of his reason. ·Thereupon affiant caused a *capias* to issue as provided for in Sec. 7243, Rev. Stat. of Ohio; in pursuance thereof the said defendant was committed to the jail of Hamilton county and held to answer for the offense charged against him.

" H. M. HOFFHEIMER.

"Sworn to before me and subscribed in my presence this 29th day of March, A. D. 1901.

"ARTHUR MINNING,<br>" Notary Public, Hamilton County, Ohio."

We are of the opinion that it was error on March 28, to put the accused on trial for the offense for which he was indicted with the record in the state in which it was as to his sanity. True, it seems that the steps provided for in Sec. 7243, Rev. Stat., had been taken by the superintendent having him in charge, and the prosecuting attorney, in the matter of notice, issuance of a *capias*, and commitment to jail; but it nowhere appeared on record. These facts are only supplied by the affidavit of the county prosecutor made after the accused had been tried and found guilty. In the first place, an affidavit is no part of the record, and is not made such even though copied verbatim by the clerk into the record. An affidavit can only become part of the record by being incorporated in a bill of exceptions. But aside from this, the affidavit in this case was not made until the man was actually tried. And, further, the affidavit of the prosecutor does not seem to us to be sufficient in law to remove or set aside the solemn adjudication which stands of record of the man's insanity. There certainly should appear something on the record showing a change in the accused's status before the law, that is, from one " not sane " to a sane person.

This is a new point and has not been raised before, but we think the better practice would be for the court to make an entry of record finding that the steps provided for in Sec. 7243, Rev. Stat., had been duly taken according to law, and that the accused stood before the court a sane man before going to trial under the indictment.

Case reversed.